IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES<br>200 Independence Ave, SW<br>Washington, DC 20201<br><br>*Defendant*. | Case No. 24-cv-327 |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records from HHS and its component, the National Institutes of Health ("NIH"), concerning the COVID-19 pandemic.  Plaintiffs' March 10, 2023 FOIA Request seeks those records.  FOIA Request (March 10, 2023) (Ex. 1) ("Request" or "Plaintiffs' FOIA Request").

1

2.      The requested records are of immense public and Congressional interest.  These records will provide the public with important information concerning the origins of the pandemic, the United States government's response to the pandemic, and potential efforts by government employees to influence both the public debate and the search for the virus' origins.

**PARTIES**

3.      Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense."  Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission (last visited Feb. 2, 2024).  Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.  Heritage operates a national news outlet, *The Daily Signal*.

4.      Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight.  The requests and analysis of information are informed by Heritage's deep policy expertise.  By function, the Oversight Project is primarily engaged in disseminating information to the public.  *See, e.g.*, Oversight Project, *found at* https://www.heritage.org/oversight (last visited Feb. 2, 2024); X, found at @OversightPR (last visited Feb. 2, 2024).  Staff for the Oversight Project routinely appear on

television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

5. Defendant HHS is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is "to enhance the health and well-being of all Americans, by providing for effective health and human services and by fostering sound, sustained advances in the sciences underlying medicine, public health, and social services." About HHS, *found at https://www.hhs.gov/about/index.html* (last visited Feb. 2, 2024).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant HHS's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

8. Plaintiffs submitted their FOIA Request on March 10, 2023.

9. The Request sought eight distinct specifications of records relating to the calendars and phone records of certain HHS employees as well as communications of those employees with certain named individuals or related to certain reports on the origins of the COVID-19 Pandemic. The Request specifically sought:

> 1. All official calendars from November 1, 2019, through present for the following individuals:
> - Dr. Francis Collins;
> - Dr. Anthony Fauci;
> - Dr. Lawrence Tabak;
> - Dr. Hugh Auchincloss;
> - Dr. Michael Lauer; and
> - Dr. David Christian Hassell

3

2. All official phone records, including landlines and cell phones, from November 1, 2019, through present for the following individuals:
- Dr. Francis Collins;
- Dr. Anthony Fauci;
- Dr. Lawrence Tabak;
- Dr. Hugh Auchincloss;
- Dr. Michael Lauer; and
- Dr. David Christian Hassell

3. All documents and communications with Peter Daszak or Aleksei Chmura and the following individuals from November 1, 2019 to the present:
- Dr. Francis Collins;
- Dr. Anthony Fauci;
- Dr. Lawrence Tabak;
- Dr. Hugh Auchincloss;
- Dr. Michael Lauer; and
- Dr. David Christian Hassell

4. All communications with: (1) the National Institutes of Health ("NIH"), or the National Institute of Allergy and Infectious Diseases ("NIAID"); and (2) EcoHealth Alliances, regarding the paper published in Nature Medicine entitled *The Proximal Origins of COVID-19*.

5. All communications with: (1) NIH or NIAID; and (2) EcoHealth Alliance regarding the letter published in *The Lancet* entitled *Statement in support of the scientists, public health professionals, and medical professionals of China combatting COVID-19*.

6. All communications with Dr. Ping Chen relating to the Wuhan Institute of Virology;

7. All documents and communications relating to a February 1, 2020 conference call with: (1) Dr. Anthony Fauci or Dr. Francis Collins and (2) the following individuals:
- Dr. Kristian Andersen, Professor, Department of Immunology and Microbiology, Scripps Research;
- Dr. Jeremy Farrar, Director, Wellcome;
- Dr. Michael Farzan, Professor, Department of Immunology and Microbiology, Scripps Research;
- Dr. Robert Garry, Professor, School of Medicine, Tulane University
- Dr. Edward Holmes, Professor, Sydney Medical School, University of Sydney;
- Dr. W. Ian Lipkin, Director, Center for Infection and Immunity, Columbia University; and
- Dr. Andrew Rambaut, Professor, School of Biological Sciences, University of Edinburgh.

8. All records noting, memorializing, or summarizing a communication, or a portion thereof, responsive to Specifications 3–7, herein.

*Id.* at 1–3.

10. The Request sought a fee waiver based on the public interest in whether government officials misled the public about the origins of the COVID-19 Pandemic, an issue which has been covered extensively by national broadcast and national print media. Plaintiff Heritage Foundation is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public and that Plaintiff Howell is an author for *The Daily Signal*, a major news outlet operated by the Heritage Foundation. *Id.* at 5–6.

11. The Request sought expedited processing on the grounds of immense media and Congressional interest in whether government officials misled the public about the origins of the COVID-19 Pandemic. *Id*. at 6–12. As "person(s) primarily engaged in disseminating information," Plaintiffs filed the Request with "an urgency to inform the public concerning actual or alleged Federal government activity" and thus demonstrated a "compelling need" for expedited processing. 45 C.F.R.§ 5.27(b)(2). Specifically, the request sought information that has been extensively covered by national broadcast and print media about allegations that NIH, NIAID, and/or HHS employees misled the public about the origins of the COVID-19 Pandemic. *Id*. at 11. Furthermore, the House Select Subcommittee on the Coronavirus Crisis is charged with investigating, *inter alia*, the origins of the COVID-19 pandemic including the government's role in the origins of the virus, the government's response to the pandemic, and the "executive branch policies, deliberations, decisions, activities, and internal and external communications related to the coronavirus pandemic." H. Res. 5, 118th Cong. The Subcommittee's investigation into the origins of the COVID-19 pandemic has attracted immense public interest.

## HHS HAS IMPROPERLY DENIED PLAINTIFF'S FOIA REQUEST

12. On March 10, 2023, HHS acknowledged receipt of the Request by what appears to be an automated response and assigned it tracking number No. 23-00545-FOIA-OS. HHS Acknowledgment Email (Mar. 10, 2023) (Ex. 2). A review of the HHS Publiclink FOIA portal shows the FOIA Request with tracking number 23-00545-FOIA-OS is "closed." Publiclink FOIA Portal Request No. 23-00545-FOIA-OS (last visited Feb. 1, 2024) (Ex. 3).

13. All of the named custodians in the Request are employees of NIH and all responsive records are believed to be in the possession of NIH. Upon information and belief, HHS transferred processing of the Request to NIH.

14. On March 13, 2023, NIH provided an automated response and assigned it FOIA request No. 59851. NIH Acknowledgement Email (Mar. 13, 2023) (Ex. 4). A review of the NIH FOIA Portal shows the FOIA Request with tracking number No. 59851 is "received." NIH FOIA Portal Request No. 59851 (last visited Feb. 1, 2024) (Ex. 5).

15. Under FOIA, HHS has twenty (20) business days to produce responsive documents or issue a determination communicating the scope of the documents it intends to produce and/or withhold, the reasons for any withholding, and notifying the requester that it may appeal any adverse determination.

16. Twenty business days from March 13, 2023 is April 11, 2023.

17. As of the date of this Complaint, HHS has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiffs of the scope of any responsive records it intends to produce or withhold and the reasons for any

withholdings; or (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determination.

## FIRST CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing

18.   Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

19.   FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

20.   Plaintiffs properly requested records within the possession, custody, or control of Defendant.

21.   Plaintiffs properly asked that HHS expedite the processing of Plaintiffs' Request because "[t]here is an urgent need to inform the public about an actual or alleged Federal Government activity (this criterion applies only to those requests made by a person primarily engaged in disseminating information to the public)." 45 C.F.R.§ 5.27(b)(2).

22.   Defendant refused to expedite Plaintiffs' FOIA Request, contrary to the factual and legal showing Plaintiffs made demonstrating their entitlement to expedition.

23.   Defendant is in violation of FOIA.

24.   Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

25. Plaintiffs have no adequate remedy at law.

26. Plaintiffs are entitled to seek immediate judicial relief for HHS's denial of expedited processing.  *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("Agency action to deny . . . a request for expedited processing pursuant to this subparagraph . . . shall be subject to judicial review."); *ACLU v. DOJ*, 321 F.Supp.2d 24, 28–29 (D.D.C. 2004).

## SECOND CLAIM FOR RELIEF
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

27. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

28. FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

29. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

30. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

31. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

32. Defendant's failure to conduct searches for responsive records violates HHS regulations.

33. Plaintiffs have a statutory right to the information they seek.

34. Defendant is in violation of FOIA.

35.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

36.     Plaintiffs have no adequate remedy at law.

37.     Plaintiffs have constructively exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

38.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

39.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

40.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

41.     Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

42.     Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

43.     Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

44. Defendant's failure to provide all non-exempt responsive records violates FOIA and HHS regulations.

45. Plaintiffs have a statutory right to the information they seek.

46. Defendant is in violation of FOIA.

47. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

48. Plaintiffs have no adequate remedy at law.

49. Plaintiffs have constructively exhausted their administrative remedies.

### FOURTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

50. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

51. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

52. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

53. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 45 C.F.R. § 5.54.

10

54. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

55. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(A)(ii).

56. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

57. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

58. Plaintiffs have a statutory right to a fee waiver.

59. Defendant is in violation of FOIA by denying a fee waiver.

60. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

61. Plaintiffs have no adequate remedy at law.

62. Plaintiffs have constructively exhausted their administrative remedies.

## FIFTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

63. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

64. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

65. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

66. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

67. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

68. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

69. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

70. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

71. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

72. Plaintiffs have no adequate remedy at law.

73. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis.

B. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

E. Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

F. Retain jurisdiction over this matter as appropriate;

G. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

H. Grant such other and further relief as this Court may deem just and proper.

Dated:  February 2, 2024               Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 99979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone:  (606) 275-0978
Email: neal@cornettlegal.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

*Counsel for Plaintiffs*
